UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Joseph Weber, individually and on behalf of all others similarly situated;<br><br>       Plaintiff,<br><br> -v.-<br><br>Synergetic Communication, Inc.,<br>Caddis Funding LLC,<br><br>       Defendant(s). | Civil Action No: 3:22-cv-977<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Joseph Weber (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Synergetic Communication, Inc. and Caddis Funding LLC (hereinafter referred to as "Defendant Synergetic" and "Defendant Caddis" respectively), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

  1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant Synergetic is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service at c/o Corporation Trust Company, 820 Bear Tavern Road, Ewing, New Jersey 08628.

9. Upon information and belief, Defendant Synergetic uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Caddis is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

11. Upon information and belief, Defendant Caddis uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individual consumers with addresses in the State of New Jersey;

    b. to whom Defendant Synergetic sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Caddis Funding LLC;

    d. in which the letter states that "because of interest that may vary from day to day, the amount due on the day you pay may be greater";

      e. when the balance being collected by Defendant Synergetic will never change;

      f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendant Synergetic and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant Synergetic's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e et seq.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant Synergetic's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant Synergetic's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Prior to June 4, 2021, a debt obligation was allegedly created to the original creditor, Chase Manhattan (hereinafter "Chase").

23. Upon information and belief, Defendant Caddis purchased this defaulted debt.

24. Upon information and belief, Defendant Caddis hired Defendant Synergetic, a debt collector, to act as their agent in collecting the subject debt from the Plaintiff.

25. The original subject obligation arose out of a credit card debt. The subject debt was incurred by Plaintiff solely for personal, household, or family purposes.

26. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

27. The subject obligation is consumer-related and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

28. Defendant Caddis purchased the subject debt when the debt was in default and is therefore a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

29. Defendant Synergetic was contracted for the purpose of collecting the subject debt on behalf of Defendant Caddis. Therefore, Defendant Synergetic is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violation – June 4, 2021 Collection Letter*

30. On or about June 4, 2021, Defendant Synergetic sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt originally owed to Chase. (**See Exhibit A.**)

31. The Letter notes an unspecified judgment had been obtained on August 12, 2004.

32. Within that letter, Defendant Synergetic states that "[b]ecause of interest that may vary from day to day, the amount due on the day you pay may be greater." (**See Exhibit A.**)

33. In reality this debt is completely static and no interest will be added to the amount alleged due to date.

34. Although the language of Defendant Synergetic's Letter implies that there is a real threat of interest accruing on the underlying debt, it is not true. As it currently stands, the amount alleged to be due within the letter has not increased as a result of interest having been sought in relation to the debt alleged by Defendants. However, the status of the debt was not characterized in real terms in the debt collection letter sent to Plaintiff.

35. While it is alleged that judgment has been obtained against the Plaintiff which could entitle Defendant Caddis to interest on the judgment amount, no interest has been added to the same to date.

36. Defendant Synergetic is surely aware of this legal reality as they represent Defendant Caddis in the its collection efforts in this matter.

37. However, Defendant Synergetic chose not to illustrate the true picture of the circumstances surrounding the underlying debt collection action in the hope that the Plaintiff would be misled and scared into paying the debt.

38. Although the Defendants couched the threat of incurring further interest with the word "may," the resulting impact on the Plaintiff was the same. The Defendants tactic instilled fear in the Plaintiff that if he should choose not to repay the alleged debt at this very moment, then the debt will grow larger.

39. When faced with a choice to pay off one debt or another, a consumer must consider various factors, including how much interest a particular debt is likely to accrue. A debt that is likely to accrue more interest is more threatening to a consumer's financial stability. Therefore, a consumer will choose to pay the debt that is growing faster over time rather than a more stagnant debt.

40. Defendants are attempting to sidestep the legal process by extracting the debt from the Plaintiff in crafty and conniving way. They used the word "may" to try and slip through the cracks of the FDCPA, while delivering a threat on the Plaintiff consumer that would produce the same result as outright lying to the consumer that the judgment debt will accrue interest until paid.

41. This is the type of debt collection letter that the FDCPA intends to eliminate – one that uses false, deceptive and misleading information to collect a debt.

42. In result, the Plaintiff incurred an informational injury as Defendant misstated the nature and character of the debt.

43. Additionally, the Plaintiff became fearful that this debt would continue to get larger and he would incur further difficulty in paying such debt.

44. As a result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

45. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendants violated §1692e:

   a. As the letter falsely represents the true character and legal status of the debt in violation of §1692e (2); and

   b. By making a false and misleading representation in violation of §1692e(10).

49. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joseph Weber, individually and on behalf of all others similarly situated, demands judgment from Defendant Synergetic and Defendant Caddis as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer D. Merritt, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 24, 2022                                         Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Christofer D. Merritt**
Christofer D. Merritt, Esq.
1 University Plaza, Suite 620
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 102
Fax: 201-282-6501
cmerritt@steinsakslegal.com
*Counsel for Plaintiff*